# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

**THE SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is entered into by and among Everett Eadie ("Mr. Eadie"), Eadie's Construction, Inc. ("Eadie's Construction"), and Keith Eadie, individually and as owner of Eadie's Construction (collectively, "Parties").

The "Effective Date" of this Agreement shall be the date of the last signature necessary for full execution.

**WHEREAS,** Mr. Eadie was previously employed by Eadie's Construction and after leaving its employ, Mr. Eadie disagreed as to the compensation owed to Mr. Eadie by Eadie's Construction;

**WHEREAS,** Mr. Eadie filed suit against Eadie's Construction in the District of South Carolina, Charleston Division, Case No. 2:18-cv-02998-DCN (the "Litigation"), seeking remuneration from Eadie's Construction for sums Mr. Eadie believed were owed to him;

**WHEREAS**, Eadie's Construction and Keith Eadie have asserted the existence of various counterclaims, defenses, and offsets related to Mr. Eadie's claims in the Litigation;

**WHEREAS,** the Parties desire to end all disputes between them arising from the Litigation, and therefore, have agreed to settle all claims asserted, or which could have been asserted, against one another in the Litigation; and

**NOW, THEREFORE,** for and in consideration of the mutual terms, covenants, and conditions stated in this Agreement and for other good and valuable consideration stated, the receipt and sufficiency of which is expressly acknowledged by the Parties hereto, it is agreed by and between the Parties as follows:

1. **Incorporation of Recitals.** The above recitals (i.e. "Whereas" clauses) are hereby incorporated into this Agreement by reference and made a part hereof.

2. **Consideration.** In consideration of Mr. Eadie's dismissal of the Complaint and the acceptance of and compliance with the mutual promises and releases contained in this Agreement, Eadie's Construction and Keith Eadie agree to provide Mr. Eadie with the following consideration the sufficiency of which Mr. Eadie acknowledges by his execution of this Agreement:

    o Eadie's Construction shall release any and all claims against Everett Eadie, relating to Everett Eadie's employment and monies Everett Eadie is alleged to owe Eadie's Construction from converted funds or property, misreported hours worked, and/or certain unpaid loans; and

1

_____ Everett Eadie's Initials

_____ Eadie's Construction's Initials

- o Eadie's Construction shall pay Mr. Eadie the sum of Fifteen Thousand dollars ($15,000) (the "Settlement Payment") in immediately available funds, via check made payable to "MHC Law, LLC f/b/o Everett Eadie," the receipt and sufficiency of which Mr. Eadie acknowledges by his execution of this Agreement.

3. **Mutual Release.** The Parties hereto, for and in consideration of the Settlement Payment, together with all other promises, terms and conditions contained herein, do hereby for themselves and, for Mr. Everett Eadie, his heirs and assigns, and for Eadie's Construction, its agents, representatives, members, officers, directors, employees, successors and assigns and assigns, remise, release, acquit and forever discharge one another, and, regarding Mr. Everett Eadie and Eadie's Construction, and their heirs and assigns, agents, representatives, members, officers, directors, employees, successors and assigns and assigns, of and from any and all claims, demands, rights, actions, causes of action, charges, complaints, damages, defenses, counter-claims (whether permissive or mandatory), expenses, costs, and compensation of whatsoever nature, now existing or which may hereafter accrue, known and unknown, foreseen and unforeseen, which have been, or could have been, asserted by the Parties in any court, arbitration, or other forum arising out of or in any way related to the subject matter of the Litigation and/or in any way relating to Plaintiff's employment at Eadie's Construction. (This release and waiver does not apply to claims that arise after the date this Agreement is executed, including claims related to enforcing this Agreement.)

4. **Dismissal of Litigation.** In consideration of terms and conditions set forth herein, Mr. Everett Eadie agrees to dismiss the litigation with prejudice upon the full execution of this Agreement.

5. **Costs and Attorney's Fees.** The Parties shall each bear their own costs and attorney's fees incurred in initiating, defending, and settling the Litigation.

6. **Severability.** Except as noted below, should any term or provision of this Agreement be found, declared or determined to be invalid, illegal, or unenforceable, the validity and enforceability of the remaining provisions, terms, and parts shall not be affected.

7. **Voluntary Execution.** The Parties have freely and voluntarily entered into this Agreement and have carefully read this Agreement, have had the full and complete opportunity to consult with counsel regarding the Agreement.

8. **Rebuttal or Drafting Presumption.** The Parties acknowledge and agree that this Agreement is the product of negotiations by and among the Parties to this Agreement and their attorneys. Therefore, the Parties expressly acknowledge and

2

\_\_\_\_Everett Eadie's Initials

\_\_\_\_Eadie's Construction's Initials

agree that the presumption that any ambiguity in this Agreement shall be construed against the drafter is hereby rebutted and the presumption shall not be used to interpret this Agreement.

9. **Entire Agreement.** This Agreement is the sole and exclusive agreement between the Parties, and supersedes all prior agreements, representations, promises, undertakings, negotiations and discussions among them with respect to the subject matter covered, whether oral or written. No consent or waiver, express or implied, by any party to or for any breach or default by the other in the performance by the other of its obligations shall be deemed or construed to be a consent or waiver to or of any other breach or default in the performance by such other party of the same or any other obligations of such party. No modification or amendment to this Agreement shall be effective unless set forth in writing and signed by the party against whom the modification or amendment is sought to be enforced. Should either party file litigation to enforce any provision of this Agreement, the prevailing party to such litigation shall be entitled to have his/its legal fees and costs reimbursed by the non-prevailing party.

10. **Governing Law and Jurisdiction.** This Agreement shall be governed by, construed, interpreted, and applied in accordance with the laws of the State of South Carolina. In addition, the parties expressly agree that any and all legal proceedings to enforce the rights and obligations of this Agreement shall be initiated in the United States District Court, District of South Carolina, Charleston Division.

11. **Execution in Counterparts.** This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be an original, but all such counterparts shall constitute one and the same instrument. Signatures transmitted by facsimile or .pdf are fully effective for all purposes.

12. **Confidentiality.** The Parties agree that, except terms of this settlement pertaining to the Fair Labor Standards Act, all other terms relating to all other matters shall remain confidential and that the Parties will not disclose said terms to anyone, other than their professional advisors, unless ordered to do so by a court or administrative agency with competent jurisdiction over the parties. The Parties further agree that they will refrain from disparaging, making derogatory statements, or otherwise publishing statements, written or oral, that denigrates the reputation of one another to others concerning the employment relationship, and/or the underlying allegations that were raised, or could have been raised by the parties concerning said employment relationship. Both Everett Eadie and Eadie's Construction shall respond to inquiries regarding Mr. Eadie's employment with Eadie's Construction in neutral terms, confined to the dates of his employment and wage history.

3

\_\_\_\_Everett Eadie's Initials

\_\_\_\_Eadie's Construction's Initials

**IN WITNESS WHEREOF,** the Parties have executed and delivered this Agreement as of the date(s) set forth below.

_____   _____
**Everett Eadie**                                      **Date**

_____   _____
**Eadie's Construction, Inc.**                 **Date**

4

_____ Everett Eadie's Initials

_____ Eadie's Construction's Initials